IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:18-cr-114 HTW-FKB

DEVON MODACURE

**GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL OF
MAGISTRATE JUDGE'S DETENTION ORDER TO DISTRICT JUDGE**

The United States of America, ("the Government"), by and through its undersigned Assistant United States Attorney, files its response to the Defendant's Appeal of Magistrate Judge's Detention Order to District Judge, and would show unto the Court the following:

**I.   Background**

   **A.  Indictment**

Devon Modacure, ("the Defendant"), was charged in a one-count indictment with violating Title 18, United States Code, Section 922(g)(1). The Defendant was charged with being a convicted felon who was found in possession of a firearm.

On October 27, 2017, officers with the Jackson Police Department ("JPD") responded to Lampton Avenue in reference to a shooting. Officers arrived on scene and spoke with the victim, Christopher Dishman, who advised that he was shot at a known drug house on Memphis Street. Dishman was able to provide JPD officers with a description of the individual who shot him. Officers began to conduct witness interviews and to canvass the area for a suspect. JPD officers found an individual fitting the description provided to them by the victim. They approached the individual that was later identified as Devon Modacure. As officers were speaking with Modacure they noticed a bulge in the front right side of his pocket. Modacure attempted to walk away several times. As one of the officers began to perform a pat down on Modacure, he fled

and officers began to pursue him. While officers were chasing Modacure on foot, it appeared to officers that he had begun to pull a handgun from his waistband. Once they made it to 3361 Fontaine Avenue, Modacure turned toward the officers with the gun pointed at them. Officer Kenneth Short fired one shot and Officer Codey Smith fired two shots striking Modacure. Modacure fell to the ground where he was detained by JPD officers and provided with medical assistance.

Modacure was found in possession of the firearm seen by officers and they were able to determine that he was a convicted felon. Modacure has several convictions including motor vehicle theft, shooting into a vehicle, and simple robbery.

### B. Pretrial Detention Hearing

On July 6, 2018, the Defendant appeared before Magistrate Judge F. Keith Ball for his arraignment on the indictment. The Government moved for detention and a detention hearing was set for July 9, 2018 before Magistrate Judge Linda Anderson.

On July 9, 2018, a detention hearing was held pursuant to 18 U.S.C. § 3142. After the Government presented testimony and evidence to support its request for detention, the court ordered the Defendant detained pending trial. The Magistrate Judge determined that the Defendant was a threat to the community. The court concluded that no condition or combination of conditions could reasonably assure the safety of any other person or that of the community. Among other things, the Court considered the Defendant's dangerous, criminal involvement in the instant offense and the likelihood that he had shot a victim several times a short time before he was arrested for the instant offense. The Court also took into consideration the fact that the Defendant was on probation or parole at the time the instant offense was committed along with the Defendant's history of substance abuse and his having tested positive for marijuana and PCP

at the time of his pretrial service interview with the United States Probation Office.

### C. Appeal of the Detention Order

The Defendant filed the instant motion on July 27, 2018, requesting a *de novo* detention hearing.

## II. Argument

When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992), *citing United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of *either* the defendant's appearance, or the safety of others or the community, is sufficient; *both are not required*. *Rueben*, 974 F.2d at 586.

Title 18, United States Code, Section 3142(g) directs the judicial officer to "take into account" the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

*United States v. Fortna*, 769 F.2d 243, 252 (5th Cir. 1985)

When applying the § 3142 factors to this Defendant's criminal history and characteristics, the Defendant is a danger to the community. The Defendant has an extensive criminal history including a number of violent offenses. Those convictions include shooting into a vehicle, motor vehicle theft, and simple robbery. The Defendant has also been charged in various crimes where the disposition for a number of them were unknown by probation at the time that the pretrial service report was completed. Those charges included assault on a law enforcement officer, aggravated assault, threats, and drug possession related charges. The Defendant is now charged with being a felon in possession of a firearm. The court found that this factor weighed in favor of detention.

The court heard testimony from the Government's case agent regarding the weight of the evidence. In addition to several other factors related to the case, the agent testified that the Defendant was a possible suspect in a shooting where the victim was shot multiple times. Further, the agent testified that the victim described the suspect who he was able to identify by the name "Gator" to JPD officers. Officers canvassed the area and found the Defendant, who matched that description. The Defendant eventually fled from law enforcement and was shot only after JPD officers saw what appeared to be a firearm in his waist band and only after it appeared that the Defendant was attempting to fire that gun at JPD officers during the chase. After having heard this testimony, the court determined that the facts of the case deserve scrutiny but, with the grand jury having found probable cause, the Court would trust their decision such that the weight of the evidence favored the Government's request for detention.

The United States Probation officer offered testimony pertaining to the history and characteristics of the Defendant as well as his assessment of the Defendant and the facts

contained within his Pretrial Services Report. The United States Probation officer testified that the Defendant was drug tested and interviewed on July 6, 2018 where in he tested positive for PCP and marijuana. Further, the probation officer testified that the Defendant admitted to using PCP, marijuana, and cocaine. The probation officer acknowledged that the Defendant's criminal history, particularly his violent criminal history, substance abuse history, and his weapons use are all factors that show that the Defendant poses a danger to the community.

Lastly, the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release is great. The facts surrounding this case are such that this Defendant should not be released from custody. Specifically troublesome to the Government is that the information leading to the identification of the Defendant and the apprehension of the weapon involved the fact that the Defendant was the likely perpetrator of the shooting that occurred earlier whereby a victim was shot several times and had to receive medical treatment.

The Defendant was given an opportunity to present evidence. The only evidence presented by the Defendant to counter the Government's request for detention was the testimony of the Defendant's mother. The Government acknowledges that the Defendant has lived a significant part of his life in Jackson, Mississippi with his mother. However, the mother testified that the Defendant has lived with her throughout the time that he has been engaged in very serious criminal conduct. The Defendant admitted to frequent marijuana use and the mother stated that his alleged physical ailments required her to see after him daily, yet he tested positive for at least two illegal substances and admitted to the use of cocaine, all while still residing with the mother.

The Magistrate Judge in her ruling stated:

> His mother testified, however despite what I am sure were her best
> efforts she has not been able to ensure the court that this Defendant

> will be compliant with the law. He was obviously in her care and custody during the other convictions and charges that he was convicted of.

The court went on to say,

> The court notes his history of drug abuse. I am always encouraged when the defendants are candid and they self-report drug use and I don't hold that against them at all. However, when you test positive, that is something that I consider and he tested positive for the use of marijuana and PCP. That sort of undercuts the medication argument to some extent, that he is using illegal drugs along with his prescription drugs and his mother is unable to stop him apparently from doing that if she even knew that he was doing it. With him being confined to the home and her giving care around the clock, it is hard to be convinced that she did not have some idea what was going on, especially with that kind of intimate relationship.

Based on all of the information presented during the detention hearing, the Magistrate Judge determined that the Defendant did not pose a risk of flight, but that he was a danger and that there was no condition or set of conditions to ensure the safety of the community or others.

The Government would note that the Defendant did not allege any facts in its Memorandum of Support that were not presented before the Magistrate Judge at the time of the detention hearing. There is no factual basis alleged by the Defendant that warrants a reconsideration of the detention ruling. During the detention hearing, the Government offered sufficient proof to support a finding that the Defendant is a danger to the community.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that this Honorable Court deny the Defendant's request and that the Defendant remain detained pending trial.

RESPECTFULLY SUBMITTED, this the 2nd day of August, 2018.

                                                      D. MICHAEL HURST, JR.
                                                     United States Attorney

By:    */s/ Abe McGlothin, Jr.*_____
        ABE MCGLOTHIN, JR.
        Assistant U.S. Attorney
        United States Attorney's Office
        Southern District of Mississippi
        501 E. Court Street, Suite 4.430
        Jackson, Mississippi 39201
        Main: 601.965.4480
        Email: abe.mcglothin@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I, Abe McGlothin, Jr., hereby certify that on this day, I have filed the foregoing response with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

THIS, the 2nd day of August, 2018.

*/s/ Abe McGlothin, Jr.*
ABE MCGLOTHIN, JR.
Assistant U.S. Attorney
