# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 3:18cr114-HTW-FKB

DEVON MODACURE

## GOVERNMENT'S OMNIBUS MOTION *IN LIMINE*

The United States of America ("the government") moves for an order that the Defendant, Devon Modacure, and his counsel are precluded from mentioning, eliciting from any witness, or attempting to elicit from any witness, information relating to the topics described below in the presence of the jury without first obtaining permission from the Court.

1. **Any suggestion or accusation that a prosecutor or agent engaged in misconduct**

    Allegations of misconduct should be handled outside the presence of the jury so that the Court can determine whether there is a factual foundation and probative value.

2. **The presence or absence of any particular person on the government's witness list, or the government's plan to call or not call a particular witness**

    There are many reasons why the government will not put every possible witness on its witness list or call every witness on its witness list, including that the witness may become unavailable, the witness may lack credibility, the testimony may become cumulative, or the government may simply run out of time.  A jury could be confused if told that the government listed a particular person on its witness list, but the person does not testify.  In addition, although the government, of course, retains its burden of proof, no negative inference—such as speculation about what that witness might have said—is permitted based on the government's decision not to call a witness.  *See United States v. Heard*, 709 F.3d 413, 421 (5th Cir. 2013) ("An adverse inference is not appropriate when the

witness is equally available to both parties." (citation omitted)).  The Defendant can subpoena any witness available to the government.  Thus, the Defendant should be precluded from commenting on or asking the jury to draw any negative inference from the absence of a particular witness.

3. **Criminal records of any witnesses**

Only certain criminal convictions can be used to impeach a witness.  *See* Fed. R. Evid. 608, 609.  Furthermore, the proponent of evidence of certain old convictions must give reasonable written notice of intent to use them.

4. **Any out-of-court statements made by the Defendant or any other person if offered to prove the truth of the matter asserted**

When a defendant offers his own out-of-court statement, such as an email, letter, or text message, to prove the truth of the matter asserted, the statement is inadmissible hearsay.  *See* Fed. R. Evid. 801, 802.  Hence, the Defendant should be precluded from introducing self-serving hearsay statements through any witness—whether the government's witness or his own witness—as doing so would allow the Defendant to introduce his own statements without being subject to cross-examination.

5.  **Disputes over discovery, including the timing of the production of records to the government by witnesses**

    Disputes over discovery are legal issues properly handled outside the presence of the jury.

6.  **Which other persons have, or have not, been charged in this or other cases**

    Whether another person has been charged in this or other cases is irrelevant to the guilt or innocence of the Defendant, who is charged in this case.

7.  **Any argument that encourages jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors**

    Jurors must follow the law. "[T]he right to make closing argument does not include the right to have counsel make an improper argument encouraging the jury to use its 'de facto power to refuse to apply the law as instructed by the court and exercise such power in dereliction of the jury's sworn duty.' " *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (citing other circuits' decisions); *see also United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Sepulveda*, 15 F.3d 1161, 1190

(1st Cir. 1993) (stating that a trial judge "may block defense attorneys' attempts to serenade a jury with the siren song of nullification").  This request also encompasses any attempt by the defense to invoke the Defendant's age, health, education, any injuries sustained as a result of this incident, or family needs that is intended to invoke sympathy from the jury.  *See, e.g.*, *United States v. Rainone*, No. 09 CR 206, 2013 WL 389004, at *1 (N.D. Ill. Jan. 31, 2013) (granting the government's motion to prohibit the defendant from introducing evidence of jury nullification, including "evidence or argument regarding [the defendant's] age, health, or family that is intended to invoke sympathy").  A jury's decision, especially during the guilt phase of a criminal trial, should be based upon the evidence and not upon its sympathy for either the defendant or the victim of a particular crime.  *See Byrne v. Butler*, 847 F.2d 1135, 1139-40 (5th Cir. 1988).

**8.     Plea negotiations, plea offers, or the rejection of a plea offer**

The substance of plea negotiations, plea offers or a rejection of a plea offer is irrelevant.

**9.    Potential punishment or any other consequences that might result from a conviction**

References to possible punishment would be an impermissible appeal to the jury's sympathy and is irrelevant. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Simmons v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." (footnote, citation, and quotation marks omitted)). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Id*. "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.*; *see also United States v. Buchner*, 7 F.3d 1149, 1153 (5th Cir. 1993) ("The jury is not allowed to consider a defendant's potential sentence as part of its deliberations." (citation omitted)); Fifth Circuit Pattern Jury Instruction 1.20 (Instructing the jury that the potential penalties faced by the defendant "should not enter your consideration or discussion.").

## 10. Defense counsel's personal opinions of, or relationship with, the Defendant

Defense counsel's personal opinions of or relationship with the Defendant is irrelevant and would constitute impermissible testimony on behalf of counsel unless defense counsel takes the stand as a witness.

## 11. The use of interview reports prepared by law enforcement to impeach government witnesses

In the course of the investigation in this case, law enforcement agents created interview reports that, among other things, summarized interviews conducted with prospective witnesses. Those reports are not the statements of the witnesses—they are the statements of the agent who prepared them. Thus, although the Defendant, through counsel, may ask the witness about topics discussed in the report, if she is not satisfied with the answer, the Defendant may not introduce the contents of the interview reports to impeach an interviewee.

The government requests that this Court preclude the Defendant from publishing the contents of the interview reports to the jury or otherwise suggesting to the jury that an interview report is a statement of the witness. *See Palermo v. United States*, 360 U.S. 343, 349-52 (1959) (clarifying Congress's intent

that "only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment"); *Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Merida*, 765 F.2d 1205, 1215 (5th Cir. 1985) (holding that interview reports were not statements of the witness subject to the Jencks Act because they did not contain any "substantially verbatim recital of an oral statement" and were not "signed or otherwise adopted by the witness"). The government also requests that this Court preclude the Defendant from using such interview reports to impeach that witness unless the witness has subscribed to or otherwise adopted the statement as his own. *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) ("[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own."); *see also United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United Stats v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (finding no error in a trial court's decision to "not allow counsel to use the 302 statement to

impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). It would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo*, 360 U.S. at 350.

**12.    Specific instances of prior good acts**

Specific instances of good conduct or good character are irrelevant to the conduct charged in the Indictment. Whether the Defendant was an otherwise law-abiding citizen is not probative of his conduct in connection with the crime charged in this case. *See* Fed. R. Evid. 404(a), 405(a); *United States v. Cleveland*, No. 96-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) ("[A] defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions." (quotation marks and citation omitted)); *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (holding that "specific instances of law-abidingness" are inadmissible unless "law-abidingness [i]s an essential element of the charge or defense"). In other words, there are no circumstances under which the Defendant's prior good acts are relevant to whether she engaged in the

criminal conduct charged in this case. Accordingly, specific instances of the Defendant's good conduct should be excluded as irrelevant.

13. **The existence or content of the government's motions and any order of this Court in response to those motions**

The existence and content of this motion and other motions filed by the government are irrelevant to the matters to be decided by the jury.

Respectfully submitted,

D. MICHAEL HURST, JR.
*United States Attorney for the*
*Southern District of Mississippi*

By: /s/ Abe McGlothin, Jr.
ABE MCGLOTHIN, JR.
Mississippi Bar Number 104247
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Dated: August 24, 2018  (601) 965-4480

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing (ECF) system, which served to send notification of this filing to the appropriate counsel in this case.

Dated: August 24, 2018

/s/ *Abe McGlothin, Jr.*
ABE MCGLOTHIN, JR.
*Assistant United States Attorney*