IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO 3:18-CR-114-HTW-FKB-1

**DEVON MODACURE**

DEFENDANT DEVON MODACURE'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

**COMES NOW** Devon Modacure, by and through undersigned counsel of record and files this his Memorandum in Support of his Motion to Compel, and in support thereof would state unto this court the following, to wit:

1. The issues here are whether defendant is entitled to police reports, internal affairs reports and other investigative reports of the officers involved in this prosecution.

2. *In United States vs. City of Jackson, Mississippi*, 105 F.R.D. 564 (1985), the Honorable William Barbour answered this question. In his opinion he stated "A basic function of federal courts is to facilitate the ascertainment of truth in resolving disputes. There can be no question that the internal investigation report conducted with regard to the Plaintiff's arrest is highly relevant to the issues in this case." *Id.* at 555. That matter was a civil matter. This case is a criminal case where the Confrontation Clause of the United States Constitution makes defendant's argument more compelling.

3. Relevant Authorities from several jurisdictions addressing these issues are summarized here. In *Blumberg v. Garcia*, 687 F. Supp 2d 1074 (C.D. Cal. 2010) a gang member was convicted of attempted murder in connection with the shooting of a rival

gang member.  One of the state's rebuttal witnesses was an officer who testified about the defendant's involvement in a similar prior incident.  At the time of the defendant's trial, the officer had sustained internal affairs complaint for lying, and was under investigation for planting evidence and falsifying reports.  (The officer was subsequently fired by his agency as a result of the investigation).  None of the foregoing information was disclosed to the defendant prior to trial.  Although the state courts found that the withheld information was not material, a federal court ruled in habeas proceedings that the evidence was "impeachment and/or exculpatory evidence which the prosecution had a duty to disclose."

4. *Michigan Ass'n of Police v. City of Pontiac*, 2009 WL 794307 (Mich. Ct. App. March 26, 2009) (unpublished).  In a dispute over the firing of an officer for filing a false arrest report, the city argued that "retaining the grievant would be problematic because, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) ... the prosecution would have to disclose the grievant's false report and dishonesty in all future cases in which he was involved." [Note: The court did not expressly agree or disagree with the city's interpretation of Brady.]

5. In *United States v. Hector*, 2008 WL 2025069 (C.D. Cal. May 8, 2008) (unpublished).  An officer had "a sustained complaint ...   for submitting an arrest report that he knew contained inaccurate information," apparently in a previous case. In the course of discussing the government's errors in handling the report, the court described it as "crucial impeachment information."

6. In *United States v. Hayes*, 376 F.Supp.2d 736 (E.D. Mich. 2005).  Federal felon-in-possession case.  Officer who claimed that he saw the defendant throw down a

gun during foot chase was the "centerpiece of the prosecution, and a fair determination of his credibility is of paramount importance to the question of guilt or innocence." Thus, information regarding a previous federal prosecution of the officer for, inter alia, "falsify[ing] police reports" and covering up other officers' misconduct, must be disclosed to the defendant, even though the prior prosecution of the officer was dismissed.

7. In *United States v. Bravo*, 808 F. Supp. 311 (S.D.N.Y. 1992). New trial because of government's failure to disclose any impeachment material about officers in a DEA unit that was under investigation "for allegedly beating up suspects, snorting cocaine, gambling, having sex with an informant and lying in court." At the time of the defendant's trial on drug charges, the unit either had been disbanded or was about to be so; the unit's leader was either assigned to a desk job or was about to be so; and a judge in another case had expressed severe doubt about the veracity of certain officers' testimony. Under those circumstances, a duty to disclose arose notwithstanding the lack of a formal finding of misconduct.

8. Here, the officers are claiming that defendant had a weapon when he was shot. Defendant denies this allegation. Shooting an unarmed suspect could be devastating to a law enforcement career and potentially lead to criminal charges. The officers' motivation in testify is relevant.

9. Finally, an officer's prior dishonesty or misconduct is potential impeachment material. Furthermore, prior inconsistent statements are material as impeachment and substantive evidence and therefore must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

WHEREFORE PREMISES CONSIDERED, Devon Modacure requests this Honorable Court to compel the Government to produce all internal affair reports, investigative reports and complaints of any officers involved in the arrest and prosecution of Devone Modacure.

Respectfully, submitted 24th day of August, 2018.

                                              Respectfully submitted,
                                              SWEET & ASSOCIATES

                                              <u>Dennis C. Sweet, III</u>
                                              /s/Dennis C. Sweet, III

OF COUNSEL:

Dennis C. Sweet, III – MSB: 8105
Dennis C. Sweet, IV – MSB: 103009
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, MS  39201
Office:  (601) 965-8700
Facsimile: 601-965-8719

CERTIFICATE OF SERVICE

I, hereby certify that on that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties:

THIS, the 24th day of August, 2018.

                                              <u>/s/Dennis C. Sweet III</u>
                                                   Dennis C. Sweet III