IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:18-CR-114 HTW-FKB

DEVON MODACURE

**ORDER**

Defendant Devon Modacure filed this appeal [15] of Magistrate Judge Linda R. Anderson's Detention Order. The Government submits that Modacure is a danger to the safety of others and the Order should remain in force. The Court agrees; the appeal is denied and the Defendant is to remain detained.

Modacure was found to be in possession of a firearm after having been previously convicted of multiple felony offenses. The Government charged Modacure in a one-count indictment with violating 18 U.S.C. § 922(g)(1). Redacted Indictment [4]. On July 9, 2018, Judge Anderson conducted a detention hearing as to the Defendant. After hearing testimony and argument from counsel, Judge Anderson held that detention was warranted, finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.

Modacure filed the instant appeal [15], challenging Judge Anderson's finding. The parties agree that in considering the appeal of a pretrial detention order, "the district court acts *de novo* and must make an independent determination of the proper pretrial detention conditions for release." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). As such, on August 7, 2017, the Court conducted a second evidentiary detention hearing in order that it may make an independent determination.

At the detention hearing, an ATF Agent testified. According to him, Modacure was approached by officers with the Jackson Police Department. While speaking with Modacure, officers noticed a bulge that appeared to resemble a firearm. As a result of this bulge, officers were attempting to perform a *Terry* search of Modacure. Modacure fled and was pursued by JPD officers. As the officers were attempting to apprehend Modacure, it appeared that he had begun to pull the handgun from his waistband. Officers fired shots, striking Modacure and causing him to fall to the ground. During the arrest of Modacure, officers were able to locate a firearm.

The United States Probation Officer, Robert Wilder, compiled a Pretrial Services Report based on information that he was able to obtain and statements provided to him by Modacure. The report indicated that Modacure tested positive for marijuana and PCP at the time of his arrest and he admitted to using marijuana, PCP, and cocaine weekly. It was also reported that Modacure was on probation at the time in which the instant offense was committed. He was also on probation at the time that he was tested for illegal substances. Wilder's report indicated that Modacure's substance abuse history, violent behavior history, history of charges involving violence, his history of weapons use, as well as his criminal history, rendered Modacure a danger to the community.

Modacure introduced the testimony of his mother, Kimberly Snow, who testified that Modacure has lived with her all of his life and would be able to continue to live with her. However, Snow herself admitted that Modacure was residing with her at the time in which he was charged with several offenses and convicted of multiple felony offenses. And as the Government pointed out in cross-examination, Modacure tested positive for marijuana and PCP, admitted to regular drug use, and committed this crime, all while living with Snow. Further, Ms. Snow seemed unable to provide the necessary monitoring that the Court believes would be

necessary to prevent any further drug use and to ensure the safety of others.

The Court, having fully reviewed *de novo* the parties' filings and having conducted a second evidentiary detention hearing, concludes that Magistrate Judge Anderson's finding should be affirmed. Having considered the §3142(g) factors, the Court agrees that Modacure presents a danger to the community. He is charged with being a felon in possession of a firearm after having been convicted of multiple felony offenses, some of which are violent. And he has admitted to continual drug use. Detention is warranted; the appeal is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2018.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE